UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COLIN BROWN, individually, and on behalf of all other similarly situated consumers, }<br>}<br>}<br>}<br>Plaintiff, }<br>}<br>v. }<br>}<br>SMITH, ROUCHIN & ASSOCIATES, INC., }<br>}<br>}<br>Defendant. }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Case No.: 2:19-cv-705-MHH |

## MEMORANDUM OPINION AND ORDER

On behalf of himself and a purported class of similarly situated consumers, plaintiff Colin Brown asserts a claim against defendant Smith, Rouchon & Associates, Inc. under the Fair Debt Collection Practices Act. Smith Rouchon has asked the Court to dismiss Mr. Brown's FDCPA claim. (Doc. 8).[1] For the reasons below, the Court will deny the motion.

---

[1] Smith Rouchon labelled its motion: "Defendant's Motion for Judgment on the Pleadings or Summary Judgment." (Doc. 8). The Court has deemed the motion to be a Rule 12(b)(6) motion to dismiss. (Doc. 10).

## I.     MOTION TO DISMISS STANDARD

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, to survive a Rule 12(b)(6) motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), "a complaint does not need detailed factual allegations, but the allegations must be enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss, a district court must view the allegations in a complaint in the light most favorable to the non-moving party. *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018). A district court must accept well-pleaded facts as true. *Little v. CRSA*, 744 Fed. Appx. 679, 681 (11th Cir. 2018).

## II. MR. BROWN'S FACTUAL ALLEGATIONS

Mr. Brown alleges that on October 3, 2018, Smith Rouchon sent him a letter that stated:

> The purpose of this notice is to give you an opportunity to respond to the described debt claim and make arrangements to either pay it or state your reasons why it may be incorrect.
>
> * * *
>
> Unless you notice [sic] this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. 1, p. 2, ¶¶ 9–10). Mr. Brown contends that the letter violates sections 1692e, 1692e(10), and 1692g(b) of the FDCPA because the letter requires him to "state [his] reasons why [the debt] may be incorrect," a requirement inconsistent with the FDCPA's notice provision that enables a debtor initially to question the validity of a debt without explaining why the debtor believes the debt, or part of the debt, is invalid. (Doc. 1, pp. 2, 3, 6, ¶¶ 12, 13, 32).

## III. ANALYSIS

A district court must "construe consumer protection statutes" like the FDCPA "broadly in favor of consumers." *Agrelo v. Affinity Mgmt. Servs.*, LLC, 841 F.3d

3

944, 950 (11th Cir. 2016).  Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors . . . [and] to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To state a claim under the FDCPA, Mr. Brown must allege that (1) he was "the object of collection activity arising from a consumer debt," (2) Smith Rouchon "is a debt collector as defined by the statute," and (3) Smith Rouchon "has engaged in an act or omission prohibited by the FDCPA."  *Helman v. Bank of Am.*, 685 Fed. Appx. 723, 726 (11th Cir. 2017) (internal quotations omitted).  When a plaintiff alleges a violation of a substantive provision of the FDCPA, the plaintiff does not have to plead a specific harm that he suffered because of the violation; the violation of a statutory provision that creates a substantive right belonging to the debtor constitutes a statutory injury that warrants a remedy.  *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 994–95 (11th Cir. 2016); *see generally Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982).  When a plaintiff alleges a violation of a procedural provision in the FDCPA, to properly assert a claim, the plaintiff may have to allege the actual, concrete harm that he purportedly suffered because "the violation of a procedural right granted by statute can be sufficient in some circumstances," but not all, "to constitute injury in fact."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549–50 (2016).[2]

---

[2] In *Spokeo*, the Supreme Court examined Article III standing as it pertained to an alleged procedural violation of FCRA, the Fair Credit Reporting Act.  The Supreme Court held that under

4

As noted, Mr. Brown contends that Smith Rouchon violated three provisions of the FDCPA: §§ 1692e, 1692e(10), and 1692g. Section 1692e states generally that a debt collector may not use a "false, deceptive, or misleading representation or means in connection with the collection of any debt," and then identifies specific categories of fraudulent conduct, "[w]ithout limiting the general application of the foregoing," that violate the general prohibition against deception in debt collection. 15 U.S.C. § 1692e; *see LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (stating that § 1692e's "list of potential violations" is "non-exhaustive"). Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "When evaluating a communication under § 1692e," a district court must ask "whether the 'least sophisticated consumer' would be deceived or misled by the communication at issue." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016)

---

FCRA, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." 136 S. Ct. at 1550. The Supreme Court explained:

> A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

136 S. Ct. at 1550.

(citing *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985)).  Although it is not binding precedent, in *Church v. Accretive Health, Inc.*, a panel of the Eleventh Circuit indicated that a violation of § 1692e is substantive such that a plaintiff does not have to allege a specific harm to state a claim for a violation of § 1692e.  654 Fed. Appx. 990, 994 (11th Cir. 2016) (stating § 1692e(11) is substantive).[3]

Section 1692g provides that, when attempting to collect a debt, a debt collector must send a consumer written notice stating, among other things, that if the consumer does not dispute the debt within 30 days, the debt collector will assume that the debt is valid, 15 U.S.C. § 1692g(a)(3), and that "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor," 15 U.S.C. § 1692g(b).  If a consumer "notifies the debt collector in writing within the thirty-day period described in subsection (a)

---

[3] *See Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1198–99 (M.D. Fla. 2019) (stating that "[a]n overwhelming majority of courts have determined sections 1692e and 1692f of the FDCPA provide substantive rights to consumers that necessarily protect their Congressionally recognized, concrete interests in being free from abusive debt collection practices, and that violations of the statutes' provisions therefore give rise to concrete injuries sufficient to confer Article III standing" and collecting cases).

With respect to the *Church* decision, 11th Cir. R. 36-2 provides:  "Unpublished opinions are not considered binding precedent."  I.O.P 6 relating to Rule 36 of the Federal Rules of Appellate Procedure states:  "Although unpublished opinions may be cited as persuasive authority, they are not considered binding precedent."

that the debt, or any portion thereof, is disputed," then "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b).[4]  Section 1692g does not require a consumer to explain in the written notice that suspends debt collection (at least temporarily) why the consumer believes the debt is invalid.

In *Church*, a panel of the Eleventh Circuit stated that a violation of § 1692g(a) is substantive such that a plaintiff does not have to allege a specific harm to state a claim for a violation of § 1692g(a).  654 Fed. Appx. at 994.  The Court has not found an Eleventh Circuit decision that states whether a violation of § 1692g(b)'s requirement that "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt" is substantive or procedural, and other courts are not in agreement on the issue.  *Gause*, 424 F. Supp. 3d at 1200–01 (finding that portion of § 1692g(b) that prohibits the contents of a validation notice that are not mandated by § 1692g(a) "from overshadowing or contradicting" the information required in § 1692g(a) is procedural, not substantive, and that "a plaintiff asserting a violation of

---

[4] In addition to challenging the validity of a debt, a consumer may request "the name and address of the original creditor," and the debt collector must cease collection activity until the debt collector obtains that information and mails the information to the consumer.  15 U.S.C. § 1692g(b).

section 1692g(b) cannot simply assert a bare violation of the statute to invoke the jurisdiction of a federal court; rather, he must 'clearly allege' he suffered some harm or appreciable risk of harm from the violation"); *Beane v. RPW Legal Servs., PLLC*, 378 F. Supp. 3d 948, 958 (W.D. Wash. 2019) (dismissing "overshadowing" claim under § 1692g(b) where no cognizable harm alleged); *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 757 (6th Cir. 2018) (reviewing several FDCPA provisions, including § 1692g(b), and holding that plaintiffs "demonstrated a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without the 'need [to] allege any additional harm beyond the one Congress has identified'") (quoting *Spokeo*, 136 S. Ct. at 1549)); *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) (plaintiff had standing to bring overshadowing claim under §1692g(b) merely by alleging that she had a right not to receive communications that overshadow or are inconsistent with the validation notice). Given the holding in *Church* that §1692g(a) is substantive, the holding in *Spokeo* that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and the holdings of the First and Sixth Circuits that a plaintiff may adequately allege an overshadowing claim under §1692g(b) by alleging that he had a right not to receive communications that are inconsistent with the validation notice, the Court concludes that Mr. Brown does not have to allege a separate injury to properly assert an overshadowing claim.

Turning, then, to Mr. Brown's FDCPA claim, Mr. Brown alleges that Smith Rouchon is a debt collector within the meaning of the FDCPA, (Doc. 1, pp. 1–2, ¶ 5), and that Smith Rouchon attempted to collect from him a personal medical debt, (Doc. 1, p. 2, ¶ 6).  Finally, Mr. Brown alleges that Smith Rouchon's "initial dunning letter" to him, (Doc. 1, p. 2, ¶ 8), presents a choice "to respond to the described debt claim and make arrangements to either pay it or state your reasons why it may be incorrect," (Doc. 1, p. 2, ¶ 9), and that choice is "overshadow[ed] and is inconsistent with that validation notice" in the letter, (Doc. 1, p. 3, ¶ 13), because the validation notice requires only that a consumer "say 'I dispute the debt'" to shift the burden to the collector to provide substantiation of the debt, (Doc. 1, p. 2, ¶¶ 11–12), but the "state your reasons" language misleads a consumer into "believing more is needed," (Doc. 1, pp. 2–3, ¶ 12).[5]

Viewing the allegations in the light most favorable to Mr. Brown, the Court finds that he has adequately alleged a violation of § 1692g(b) because Smith Rouchon's letter seems to offer a consumer only two options – payment or a statement of reasons why the debt is incorrect, which is inconsistent with the validation notice in § 1692g(a) and the requirement of § 1692g(b) that a debt collector, upon receipt of a written request from a consumer, mail to the consumer

---

[5] Mr. Brown uses the word "say" loosely.  He understands that he must say "I dispute the debt" in writing to trigger the protection in §1692g(b).  (*See* Doc. 24, p. 8).

verification of the debt without first requiring the consumer to state in the written request why he believes the debt, or part of the debt, is invalid. Mr. Brown also has adequately alleged a violation of § 1692e because the language that calls for a statement of reasons why the debt is invalid is misleading in that it suggests to a consumer that he must explain why a debt is invalid before he receives from the debt collector in the mail verification of the debt. A consumer has no such obligation under the FDCPA.

## IV.  CONCLUSION

For the reasons above, the Court denies Smith Rouchon's motion to dismiss. Within 14 days, the parties shall email to chambers in Word form a proposed scheduling order for this case that updates the deadlines that the parties proposed in their Rule 26(f) report, (Doc. 26).[6]

**DONE** and **ORDERED** this June 29, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[6] Smith Rouchon raised, but then seems to have abandoned, a supplemental argument that that the Court should dismiss this action because Mr. Brown did not serve Smith Rouchon within 90 days. (Docs. 19-1, 22). To the extent that Smith Rouchon still requests dismissal on this basis, the Court denies the motion. Mr. Brown filed his complaint on May 8, 2019. (Doc. 1). The Clerk of Court did not issue a summons to Mr. Brown until July 22, 2019. (Doc. 2). As Mr. Brown previously explained, (Doc. 4), he served Smith Rouchon with the summons and complaint on August 16, 2019. (Doc. 4, p. 4). The Court accepts Mr. Brown's explanation for the delay.