FILED

2023 Sep-18  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLIN BROWN**, *individually and on behalf of all other similarly situated customers*, | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CASE NO. 2:19-cv-000705-MHH** |
| **v.** | ) ) | |
| **SMITH ROUCHON & ASSOCIATES INC.,** | ) ) ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Smith Rouchon & Associates has asked the Court to reconsider its rulings denying SRA's motion to dismiss, (Doc. 36), and SRA's subsequent motion to dismiss or, alternatively, motion for summary judgment, (Doc. 85). SRA bases its motion to reconsider "on a controlling intervening implementation of the applicable law." (Doc. 95, p. 1). For the reasons discussed below, the Court denies SRA's motion to reconsider.

As SRA points out, a motion to reconsider an interlocutory order is not subject to the limitations that govern motions under Rule 59(e) or Rule 60 concerning final judgments. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (motions to revise interlocutory orders are "not subject to the limitations of Rule

1

59") (quoting *Gallimore v. Missouri Pacific R. Co.*, 635 F.2d 1165, 1171 (5th Cir. Unit A Feb. 1981)); *see also* FED. R. CIV. P. 60(b) advisory committee's note to 1946 amendment ("[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Nevertheless, logic, prudence, and principles of finality dictate that reconsideration of an interlocutory order requires a compelling justification. *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). Otherwise, courts would be tasked with reconsidering every adverse determination. Generally, a court may reconsider an interlocutory order only when a party identifies new evidence, "an intervening change in controlling law," or a clear error that a court must correct to avoid "manifest injustice." *Rueter*, 440 F. Supp. 2d at 1268 (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)).

Here, in the complaint Mr. Brown filed on May 8, 2019, (Doc. 1), he alleged that SRA violated the Fair Debt Collection Practices Act when it sent him a debt collection letter dated October 3, 2018 that included language that Mr. Brown contends improperly "shift[ed] the burden to the consumer" to prove the invalidity of the debt and "overshadow[ed]" the mandatory validation notice. (Doc. 1, pp. 2-3, ¶¶ 8-13). In particular, Mr. Brown challenged the following language in the letter:

"The purpose of this notice is [to] give you an opportunity to respond to the described debt claim and make arrangements to either pay it or state your reasons why it may be incorrect."  (Doc. 1, p. 2, ¶¶ 9, 12).  On June 29, 2020, the Court denied SRA's motion to dismiss the original complaint because the Court found that Mr. Brown had "adequately alleged a violation of § 1692g(b)" and "also ha[d] adequately alleged a violation of § 1692e" of the FDCPA.  (Doc. 36, pp. 9-10).

On January 11, 2021, Mr. Brown filed an amended complaint in which he largely alleged the facts he presented in his original FDCPA complaint, (*compare* Doc. 70, *with* Doc. 1), and added that the challenged language in the October 3, 2018 letter caused him to have to employ a credit advisor to help him understand his rights and dispute the debt, (Doc. 70, p. 3, ¶ 14).  On February 2, 2021, SRA moved to dismiss Mr. Brown's amended complaint or, alternatively, for summary judgment. (Doc. 71).  On March 31, 2022, the Court denied SRA's motion to dismiss Mr. Brown's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and denied SRA's motion for summary judgment.  (Doc. 85).

In its current motion to reconsider, SRA argues that a regulation issued by the Consumer Financial Protection Board on January 19, 2021, Regulation F, compels

the Court to conclude that the language in SRA's letter did not, as a matter of law, violate the FDCPA.  (Doc. 95).

SRA's argument fails for several reasons.  First, Regulation F was available to SRA before the Court ruled on SRA's motion to dismiss the January 11, 2021 amended complaint.  SRA filed its February 1, 2021 motion to dismiss after the CFPD issued Regulation F on January 19, 2021.  (Doc. 71).  The Court issued a memorandum opinion regarding the motion to dismiss in March 2022 after Regulation F became effective on November 30, 2021.  *See* Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766 (Jan. 19, 2021) (to be codified at 12 C.F.R. pt. 1006), 2021 WL 155534, *5853.  Because the law changed before, not after, the Court addressed SRA's motion to dismiss, SRA has not identified "an intervening change in controlling law."

A different timeline would not benefit SRA because Regulation F does not apply to SRA's 2018 communication.  Again, the CFPB issued Regulation F on January 19, 2021, with an effective date of November 30, 2021.  SRA acknowledges that the event giving rise to Mr. Brown's claim occurred before November 30, 2021.  (Doc. 100, p. 12) ("SRA's letter was sent before the November 2021 effective date of Regulation F.").  Mr. Brown filed this suit on May 8, 2019, more than two years before Regulation F took effect.  (Doc. 1).  "Retroactive application of administrative rules is highly disfavored," and administrative rules do not apply

retroactively "unless their language requires this result." *Sierra Club v. Tenn. Valley Auth.*, 430 F.3d 1337, 1351 (11th Cir. 2005) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994)).  As the Eleventh Circuit has explained, "[t]here is no point in specifying an effective date if a provision is to be applied retroactively." *Sierra Club*, 430 F.3d at 1351.  Regulation F's November 2021 effective date renders it inapplicable in this case.

SRA argues that Regulation F is merely a "clarification" of existing law, such that the presumption against retroactivity does not apply, (Doc. 100, p. 12), but a court cannot reconsider an order based on a clarification of law, so SRA gains nothing from the attempted distinction.  If Regulation F merely clarifies existing law, then regardless of its retroactivity, it does not constitute "an intervening change in controlling law," and it does not provide a basis for the Court to reconsider its earlier ruling.

Because SRA has not identified a basis for the extraordinary remedy it seeks, the Court denies SRA's motion for reconsideration.

**DONE** and **ORDERED** this September 18, 2023.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE